**HUI QING HE, Xu Yu Dong, Petitioners,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 07–4670–ag.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

Douglas G. Ingraham, Alhambra, CA, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Newark, NJ, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Hui Qing He and Xu Yu Dong, natives and citizens of the People's Republic of China, seek review of a September 27, 2007 order of the BIA, vacating in part the June 4, 2004 decision of Immigration Judge ("IJ") Margaret McManus, which granted their applications for asylum. *In re Hui Qing He, Xu Yu Dong,* Nos. A097 849 137, A097 849 138 (B.I.A. Sept. 27, 2007), *rev'g in part* Nos. A097 849 137, A097 849 138 (Immig. Ct. N.Y. City June 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an independent decision on remand, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Petitioners argue that the BIA erred in concluding that they failed to demonstrate their eligibility for asylum based on the birth of their U.S. citizen children. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).